IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRANSWEST CREDIT UNION,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED LENDING POLICY VIOLATIONS OTHER THAN SPECULATIVE LENDING<br><br><br><br><br><br>Case No. 2:09-CV-297 TS |

This matter is before the Court on Defendant Cumis Insurance Society, Inc.'s ("Cumis") Motion In Limine to Exclude Evidence of Alleged Lending Policy Violations Other Than Speculative Lending.[1]  For the reasons discussed more fully below, the Court will deny the Motion.

---

[1]Docket No. 50.

1

I.  BACKGROUND

Transwest took out a "credit union bond" covering up to $3,000,000.00 in damages from Cumis.  In August 2007, Transwest filed a claim of loss under the bond.  At issue in the suit is whether Cumis is obligated to make payment.

Transwest's original claim against Cumis was for alleged speculative lending.  In a letter denying Transwest's claim, Cumis indicated "[i]f your client believes that any of the above findings are incorrect, or if it has additional information or documents it wishes us to consider, please advise us and/or submit such information."[2]

During the course of the discovery process, a number of Transwest corporate officers were deposed.  The parties both agree that Transwest's corporate designee was its President, Mark Miccelson.  Mr. Miccelson made himself available to be deposed and was indeed deposed for eleven hours over two days.  Transwest's Vice President, Paul Metcalf, was also deposed. Transwest alleges that the evidence in dispute in this Motion, specifically Exhibit Z—Transwest's summary of lending policy violations other than speculative lending—was prepared by Mr. Metcalf and was included in answers to interrogatories.  Transwest further alleges that Exhibit Z was prepared by Mr. Metcalf upon Mr. Metcalf's review of the same files that Transwest produced at each deposition.  Cumis does not dispute that the information that formed the basis for Exhibit Z was produced.

---

[2]Docket No. 59, Ex. B.

## II. DISCUSSION

Cumis brings their Motion on three grounds: first, Cumis alleges that allowing evidence or testimony of speculative lending would violate Fed.R.Evid. 403; second, Mr. Mikkelson and Mr. Metcalf's inability to testify as to damages other than speculative lending violated Fed.R.Civ.P. 30(b)(6); and lastly, Transwest should be limited to alleging speculative lending violations because that was the only violation claimed in Transwest's original claim against Cumis's bond.

A.   RULE 403

Cumis alleges that "[p]ursuant to Rule 403, the Court should bar the admission of [Exhibit Z] and should bar any evidence or testimony about alleged lending violations other than speculative lending . . . ."[3] Fed.R.Evid. 403 provides that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "In performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."[4]

Cumis does not develop which factor weighs so heavily in its favor as to substantially outweigh any probative value. Accordingly, the Court finds that Cumis has failed to demonstrate that the evidence is inadmissable under Rule 403. Indeed, Transwest produced the

---

[3]Docket No. 50, at 1-2.

[4]*World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1139 (10th Cir. 2006).

documents that formed the basis of its non-speculative lending violations and also made Cumis aware of the claims it would bring through its responses to interrogatories. Further, Transwest made its witnesses available to be deposed and still maintains that it will provide Cumis any opportunity it seeks to depose its witnesses. Though the discovery period has passed, it is in the power of the Court to grant the parties an opportunity to perform further depositions that could eliminate any unfair or undue prejudice.[5]

B       RULE 30

Cumis also alleges that "because neither Mr. Mikkelson nor Mr. Metcalf could answer questions about other alleged lending violations," Transwest violated Fed.R.Civ.P. 30(b)(6).[6] Fed.R.Civ.P. 30(b)(6) states that:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

---

[5]*See* Fed.R.Civ.P 26(b)(2)(A) & 30(a)(2)(A).

[6]Docket No. 50, at 3.

Pursuant to Rule 30(b)(6), "[t]he law is well-settled that corporations have an 'affirmative duty' to make available as many persons as necessary to give 'complete, knowledgeable, and binding answers' on the corporations behalf."[7]

The parties do not dispute that Transwest made persons available to be witnesses pursuant to Rule 30(b)(6). Instead, they dispute whether the persons that Transwest provided were knowledgeable enough to give competent answers to questions regarding lending policy violations other than speculative lending. Cumis alleges that Mr. Mikkelson was the only corporate designee pursuant to Rule 30(b)(6) and cites excerpts from his deposition to support their argument. On the other hand, Transwest contends that Mr. Metcalf was also a person qualified to testify on these issues, though they do not seem to go so far as to allege that he is a corporate designee. In either case, Cumis further alleges that Mr. Metcalf was unable to answer questions regarding other lending policy violations and support their allegation by quoting excerpts from his deposition.

Transwest contends that Cumis failed to ask specific questions regarding the particular violations spelled out in the discovery responses and for this reason failed to illicit testimony on lending violations other than speculative lending from Mr. Mikkelson or Mr. Metcalf. According to Transwest, Mr. Mikkelson and Mr. Metcalf could not answer questions that were not asked.

Cumis cites to this Court's previous ruling in *Ecclesiastes 9:10-11-12, Inc, v. LMC Holding Company*, to support their assertion that any evidence or testimony of policy violations

---

[7]*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) (quoting *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999)).

5

other than speculative lending should be excluded under Rule 30(b)(6).[8] In *Ecclesiastes*, this Court dismissed a case with prejudice when Plaintiff's sole corporate designee died without being deposed.[9] In doing so, the Court found Plaintiff's conduct to be willful and aimed, at least in significant part, at avoiding having Plaintiff's corporate designee deposed as Ecclesiastes's corporate representative.[10]

Here, the Court finds that Mr. Mikkelson and Mr. Metcalf were competent to testify and provide binding responses on behalf of Transwest and that any failure to respond adequately to Cumis questioning was not willful or aimed at avoiding discussing lending policy violations other than speculative lending. To the extent Cumis is unhappy with the responses that were given during depositions, Cumis will have a chance to cross-examine the witnesses at trial.

C. ORIGINAL CLAIM AGAINST CUMIS

Lastly, Cumis claims that Transwest should not be allowed to allege lending policy violations other than speculative lending because Transwests did not allege any other violations in its original claim against Cumis's bond. Transwest argues that "Cumis allowed [Transwest] to supplement its claim when it requested additional information in its letter denying the claim. In the letter in question, Cumis indicated "[i]f your client believes that any of the above findings are

---

[8]*Id*.

[9]*Id*. at 1136.

[10]*Id*. at 1146.

6

incorrect, or if it has additional information or documents it wishes us to consider, please advise us and/or submit such information."[11]

The Court finds that Cumis expressly allowed for Transwest to supplement its claim in this denial letter.

## III. CONCLUSION

It is therefore

ORDERED that Cumis's Motion In Limine to Exclude Evidence of Alleged Lending Policy Violations Other Than Speculative Lending (Docket No. 50) is DENIED.

DATED   June 28, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11]Docket No. 59, Ex. B.