IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRANSWEST CREDIT UNION, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> CUMIS INSURANCE SOCIETY, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TWO WITNESSES NOT IDENTIFIED IN DISCOVERY <br><br><br><br> Case No. 2:09-CV-297 TS |

This matter is before the Court on Defendant Cumis Insurance Society, Inc.'s ("Cumis") Motion In Limine to Exclude Two Witnesses Not Identified in Discovery.[1] Cumis "moves to exclude the testimony of two witnesses not identified by Transwest Credit Union ("Transwest") as possible witnesses in its initial disclosures or during discovery."[2] For the reasons discussed more fully below, the Court will deny the Motion.

---

[1]Docket No. 49.

[2]*Id.* at 1.

1

# I. BACKGROUND

Transwest took out a "credit union bond" covering up to $3,000,000.00 in damages from Cumis. In August 2007, Transwest filed a claim of loss under the bond. At issue in the suit is whether Cumis is obligated to make payment.

Cumis alleges—and Transwest does not dispute—that Transwest failed to identify Kendall Peterson and Kyle Chapman as possible witnesses in its initial disclosures or during discovery.

Cumis acknowledges, however, that Mr. Peterson was mentioned during the deposition of Transwest's corporate designee, Marc Mikkelson. Mr. Peterson was identified by Mr. Mikkelson as a lawyer who handled foreclosures for Transwest. Cumis does bring to the Court's attention that more than eighty individuals were identified by Mr. Mikkelson during his deposition and Cumis had no way of knowing which of these individuals Transwest would call as witnesses. Cumis alleges that it has since attempted unsuccessfully to contact Mr. Peterson.

Cumis also concedes that Mr. Chapman previously submitted an affidavit on behalf of Transwest in this case. Cumis asserts, however, that it had no opportunity to conduct discovery with respect to Mr. Chapman and that the loan referenced in Mr. Chapman's affidavit was sold to another bank and paid off and, thus, is no longer at issue in this case. Cumis has been able to speak with Mr. Chapman via telephone but asserts that Mr. Chapman had no idea he had been listed as a witness and did not know what he would be asked at trial.

## II. DISCUSSION

Fed.R.Civ.P. 37(c)(1) provides that: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." "Notwithstanding Rule 37(c), [a] district court may be found to have abused its discretion if the exclusion of testimony results in fundamental unfairness in the trial of the case."[3]

The Tenth Circuit has held that "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose."[4] The Tenth Circuit went on to hold that:

> Nevertheless, the following factors should guide [the court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[5]

Transwest does not dispute that it failed to identify—pursuant to Fed.R.Civ.P. 37(c)(1)—the two witnesses at issue in this Motion. Instead, Transwest argues that its witnesses should not be excluded based upon the application of the factors which the Tenth Circuit has indicated should guide the Court's discretion.

---

[3] *Orijas v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994) (citing *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir. 1980), *cert. denied*, 450 U.S. 918 (1981)).

[4] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co*., 170 F.3d 985, 993 (10th Cir. 1999) (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

[5] *Id*. (citing *Newman v. GHS Osteopathic Inc*., 60 F.3d 153, 155-56 (3d Cir. 1995)).

A. PREJUDICE OR SURPRISE

The parties dispute whether Cumis would suffer any prejudice or surprise should the two witnesses in question be allowed to testify. Transwest argues that Cumis would not be prejudiced or surprised by testimony of these witnesses because both witnesses have previously been identified in the suit—Mr. Chapman, because he submitted an affidavit in support of Transwest's Motion for Summary Judgment, and Mr. Peterson, because his involvement was discussed during a deposition. Cumis contends that "Transwest is wrong" and it was surprised to see both names on the witness list because neither witness had been disclosed previously.[6]

Both parties compare this case to *World Wide Association of Specialty Programs v. Pure, Incorporated*.[7] In that case this Court applied the same factors listed above to witnesses that Pure had not disclosed and attempted to call two-weeks before trial.[8] Cumis properly points out that most of the witnesses in *World Wide* were not permitted to testify because of the resulting surprise and prejudice to the opposing party.[9] However, the facts surrounding two of the witnesses in *World Wide* bare a striking similarity to the instant case.

First, the Court specifically allowed the testimony of a witness in *World Wide* despite a failure to disclose because the opposing party (World Wide) had previously known "of her involvement and potential testimony" and because "World Wide was aware of an affidavit filed

---

[6] Docket 64, at 2.

[7] 2004 WL 5620058 (D. Utah July 20, 2004).

[8] *Id*. at *3.

[9] *Id.*

by Ms. Knight in a related case and cannot claim unfair surprise at her testimony."[10] Similarly, here, Transwest seeks to include Mr. Chapman as a witness based on the fact that he filed an affidavit previously in this case. The Court finds, based on the precedent in *World Wide*, that Cumis cannot claim unfair surprise or prejudice by Mr. Chapman's potential testimony because Cumis was aware of Mr. Chapman's submission of an affidavit earlier in this case.

Second, Pure attempted to admit the testimony of a witness because his "story was apparently discussed in the deposition of Elaine Davis, an employee of the South Carolina Department of Social Services."[11] This testimony was not allowed because "by not listing [the witness], [Pure] falsely lured World Wide into believing this individual would not be part of the case."[12] The Court reasoned "[t]here is a significant difference between knowing that someone may have relevant testimony and that someone will be called to testify as a witness."[13] Transwest likewise seeks to admit the testimony of Mr. Peterson based on his having been mentioned in a previous deposition in this case. Under the reasoning of *World Wide*, Cumis would be surprised and prejudiced by Mr. Peterson's testimony.

B.   ABILITY TO CURE

Transwest argues that any prejudice to Cumis is easily cured because "[Cumis] has had ample time to interview these potential witnesses and has in fact done so in the case of Mr.

---

[10]*Id.*

[11]*Id.* at *4.

[12]*Id.* at *5.

[13]*Id.*

5

Chapman."[14] Cumis contends that when they contacted Mr. Chapman he had no idea that he was listed as a witness and did not know what he would be asked at trial. Moreover, Cumis alleges that when it attempted to contact Mr. Peterson he never returned its call. The prejudice to Cumis in allowing Mr. Chapman to testify, if any, is low, and is easily cured. Although thus far unsuccessful, in the case of Mr. Peterson, the parties also still have time to cure. The Court notes that, unlike in *World Wide*, here the parties have ample time to mitigate any prejudice or surprise before trial. Therefore, the Court instructs the parties to arrange for a time in which both Mr. Chapman and Mr. Peterson can be deposed according to the desire and convenience of Cumis.

C.  DISRUPTION OF TRIAL

Transwest asserts that "[a]llowing these two individuals to testify would do nothing to disrupt the trial."[15] However, Cumis properly indicates that "Transwest makes no representations concerning the subject matter of either Mr. Peterson's or Mr. Chapman's trial testimony."[16] However, by requiring that Transwest produce these witnesses for deposition the Court finds that any potential disruption at trial will be avoided.

D.  BAD FAITH OR WILLFULNESS

Cumis does not allege that Transwest acted in bad faith in failing to list these two witnesses in its disclosures. Transwest argues that there is no evidence of either bad faith or

---

[14] Docket No. 61, at 2.

[15] *Id.*

[16] Docket No. 64, at 3.

6

willfulness. Because the parties have not alleged facts under this factor, the Court finds that Transwest did not act in bad faith or willfully in failing to disclose these potential witnesses.

### III. CONCLUSION

On review of the foregoing factors, the Court finds the testimony of Mr. Chapman and Mr. Peterson substantially justified despite Transwest's failure to list either as a potential witness in its disclosures. The Court instructs Transwest to make both witnesses available to be deposed by Cumis to limit any harm that may result to Cumis as a result of Transwest's failure to abide by the disclosure process.

It is therefore

ORDERED that Cumis's Motion in Limine Regarding Testimony on Damages (Docket No. 49) is DENIED.

DATED   June 28, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge