IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRANSWEST CREDIT UNION,<br><br>    Plaintiff,<br><br>vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE TRANSWEST'S MOTION IN LIMINE PROHIBITING EVIDENCE OF MITIGATION OF DAMAGES<br><br><br>Case No. 2:09-CV-297 TS |

This matter is before the Court on Transwest Credit Union's ("Transwest") Motion in Limine Prohibiting Evidence of Mitigation of Damages.[1]  Transwest moves the Court to prohibit Cumis Insurance Society ("CUMIS") from introducing evidence regarding Transwest's ability to mitigate its damages.

Transwest's basic assertion is that the Court should exclude any evidence regarding mitigation of damages because CUMIS did not identify a witness in its Federal Rule of Civil

---

[1]Docket No. 85.

1

Procedure 26(a)(3) disclosures to testify as to the specific amount Transwest's damages could have been reduced through mitigation efforts.  Transwest's Motion overlooks Utah precedent that allows a defendant to offer evidence of mitigation "through its own witness or on cross-examination."[2]  Thus, despite Transwest's assertions to the contrary, CUMIS may ellicit evidence regarding mitigation from Transwest's witnesses.

Transwest also argues that evidence that unspecified amounts could be saved in damages is not admissible pursuant to Federal Rule of Civil Procedure 403.  Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Here, Transwest has not identified a particular item of evidence to be barred under Rule 403.  The Court is not persuaded that the probative value of all mitigation evidence that may be admitted during trial is substantially outweighed by the considerations provided in Rule 403.  The Court will therefore deny Transwest's Motion without prejudice subject to Transwest re-raising its 403 arguments as to specific evidence at trial.

It is therefore

ORDERED that Transwest's Motion in Limine Prohibiting Evidence of Mitigation of Damages (Docket No. 85) is DENIED WITHOUT PREJUDICE.

---

[2] *John Call Eng'g v. Manti City*, 795 P.2d 678, 680 (Utah App. 1990).

DATED   September 11, 2012.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge