IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRANSWEST CREDIT UNION,<br><br>Plaintiff,<br><br>vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART CUMIS'S MOTION IN LIMINE TO EXCLUDE EXHIBITS 116 THROUGH 119 AND RELATED TESTIMONY<br><br><br>Case No. 2:09-CV-297 TS |

This matter is before the Court on Defendant Cumis Insurance Society, Inc.'s ("Cumis") Motion In Limine to Exclude Plaintiff's Exhibits 116 through 119 and Related Testimony.[1] Cumis moves the Court to exclude the exhibits and related testimony on the grounds that the proposed evidence was untimely disclosed, is not relevant to the claims in this action, and poses a risk of unfair prejudice and confusion. Plaintiff Transwest Credit Union ("Transwest")

---

[1] Docket No. 134.

1

contends that the exhibits are relevant and that it disclosed the exhibits as soon as possible after receiving them.

The exhibits at issue document a prior sexual harassment lawsuit brought against Transwest in 2003 and the subsequent settlement of the suit. Transwest seeks to admit the exhibits as evidence in support of Marc Mikkleson's testimony that it is Transwest's policy to offer severance pay to employees it terminates in exchange for a release from the individual providing that they will not pursue claims against Transwest. Transwest provided exhibits 116 through 119 to Cumis on January 10, 2013.

Transwest's proposed exhibits 116 through 119 fall under the purview of Federal Rule of Civil Procedure 26(a)(3). Therefore, such exhibits should have been disclosed, at the latest, by December 28, 2012. Federal Rule of Civil Procedrue 37(c)(1) provides that where a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The following factors guide the Court in determining whether Transwest's late disclosure was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[2]

---

[2] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

The Court finds compelling Cumis's argument that the testimony of Mr. Mikkleson that Transwest seeks to support with these documents was given during a deposition on February 24, 2010. Thus, the parties have been aware of this issue for nearly three years. The Court is persuaded that Cumis would be prejudiced by Transwest's late disclosure of exhibits in support of testimony that has been available for such an extended period of time. This argument is particularly persuasive because the documents Transwest seeks to admit were within Transwest's control during the intervening time period. Cumis's ability to cure the resultant prejudice in this circumstance is low, given the quickly approaching trial date. As to the remaining factors, the Court finds that allowing the exhibits would not greatly disrupt the trial and it does not appear that the late disclosure was made in bad faith. Given the timing issue addressed previously, however, the Court is persuaded that the late disclosure was willful.

On balance of the factors provided above, the Court finds that Transwest's late disclosure was not justified or harmless. Further, even if the instant exhibits were timely disclosed, the relevance of the documents to this lawsuit is questionable.[3] Thus, the probative value of the exhibits would likely be outweighed by their potential to confuse the issues and mislead the jury.[4]

Based on the foregoing, Transwest will be precluded from admitting exhibits 116 through 119 at trial. Nevertheless, the Court will allow Transwest to introduce testimony at trial in support of its severance policy. It is therefore

---

[3] *See* Fed. R. Evid. 401.

[4] *See* Fed. R. Evid. 403.

ORDERED that Cumis's Motion In Limine to Exclude Plaintiff's Exhibits 116 through 119 and Related Testimony (Docket No. 134) is GRANTED IN PART AND DENIED IN PART.

DATED   January 24, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge