IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRANSWEST CREDIT UNION,<br><br>Plaintiff,<br><br>vs.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br><br>Case No. 2:09-CV-297 TS |

      This matter is before the Court on Defendant CUMIS Insurance Society's ("CUMIS") Federal Rule of Civil Procedure 50 Motion for Judgment as a Matter of Law.  At the close of Plaintiff Transwest Credit Union's ("Transwest") case, CUMIS moved for judgment as a matter of law, arguing that (1) the evidence submitted demonstrates as a matter of law that CUMIS was prejudiced as a result of Transwest's late notice and (2) a reasonable jury would not have a legally sufficient evidentiary basis to find that Transwest "enforced" the lending policies at issue in this case.

Fed. R. Civ. P. 50(a) provides,

(1) If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court reviews all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court does "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3] A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

Pursuant to the terms of the Credit Union Bond, Transwest had an obligation to provide CUMIS notice of any covered loss within 60 days of discovering the loss. The Court has already found that Transwest failed to provide timely notice. However, under Utah law, failure to give

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.*

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999).

notice within the time specified does not invalidate Transwest's claim if CUMIS fails to demonstrate that it was prejudiced by the late notice.[5]

CUMIS has the burden to show that it was prejudiced by the late notice.[6]

When the party with the burden of proof moves for a directed verdict the evidence must be viewed from a different perspective. Rather than considering the evidence for its sufficiency to support a finding for the opposing party as is done when the party not having the burden of proof has made such a motion, the evidence is tested for its overwhelming effect. The test is a strict one, and a directed verdict for the party having the burden of proof may be granted only where he has established his case by evidence that the jury would not be at liberty to disbelieve.[7]

Prejudice is the loss of a valuable right or benefit, and occurs when an insurer suffers a material change in its ability to investigate, settle, or defend the claims at issue.[8] "The question of prejudice should be evaluated in light of the purposes of the notice requirements, namely, to enable the insurer, to investigate and take the necessary steps to protect its interests," including the loss of money or property value.[9] CUMIS may show prejudice by presenting evidence that (1) its ability to investigate the claim has been lost; or (2) opportunities to negotiate settlement have been lost; or (3) opportunities to defend have been lost.[10]

---

[5] *See* Utah Code Ann. § 31A-21–312.

[6] *See id.*

[7] *Hurd v. Am. Hoist & Derrick Co.*, 734 F.2d 495, 499 (10th Cir. 1984) (internal citations omitted).

[8] *F.D.I.C. v. Oldenburg*, 34 F.3d 1529, 1547 (10th Cir. 1994).

[9] *Id.* (internal citation omitted).

[10] *See id.*

Here, CUMIS has elicited testimony from a prior financial officer of Transwest, Paul Metcalf, that Transwest became aware as early as spring 2006 that a number of the loans in their construction loan portfolio were for speculative home projects.  Mr. Metcalf visited various home sites and discovered that many of the homes were not on track to be completed in a timely fashion, that the homes were for sale, and that there was a concentration risk resulting from a number of the homes being built in the same geographic areas, at times in the same cul-de-sac.  Mr. Metcalf and the President of Transwest, Marc Mikkelson, also testified that around the same time, Transwest received a report from a state entity warning that a number of the construction loans on Transwest's books were for speculative home projects.  In addition, Mr. Mikkelson testified that he was told by the CEO of a separate credit union that it would not purchase a part of Transwest's loan portfolio because it contained speculative loans.  This evidence supports a finding that Transwest was aware of the facts giving rise to its claim nearly a year before Transwest filed its notice of loss.

CUMIS has elicited testimony from both Mr. Mikkelson and Mr. Metcalf that up to ten to fifteen percent of Transwest's losses resulted from recovery errors committed by Transwest in recovering on the loans at issue.  CUMIS also elicited testimony from Mr. Mikkelson and Mr. Metcalf that nearly $2 million of Transwest's alleged loss is undocumented.  Bart Ferrin, an independent consultant hired by Transwest to review its loan files, testified that a large portion of the loss most likely resulted from the decline in real estate market values that occurred after the loans were issued.

As previously stated, the Court has found that Transwest failed to provide timely notice under the Credit Union Bond. The year that transpired from the time the facts giving rise to the loss were discovered, in combination with the evidence provided above, could certainly lead the jury to conclude that CUMIS was prejudiced by Transwest's late notice. However, the Court is not persuaded that this evidence is so overwhelming that the jury would not be at liberty to believe that CUMIS was not prejudiced by the late notice.

Next, CUMIS moves for judgment as a matter of law on the issue of enforcement of the loan policies. According to CUMIS, a reasonable jury would not have a legally sufficient evidentiary basis to find that Transwest enforced the lending policies at issue in this case.

Under the terms of the Credit Union Bond, CUMIS was obligated to compensate Transwest for losses resulting directly from a named employee's failure to faithfully perform his or her trust. To meet its burden on this element, Transwest must prove by a preponderance of the evidence that Transwest's employees, Michael Warren and Kristin Runyan-Martin, acted in conscious disregard of Transwest's established and enforced share, deposit, or lending policies.

Transwest has submitted into evidence the lending policies in effect during the time frame that the subject loans were issued. Mr. Mikkelson testified that the lending policies were approved by the board, were available to all employees on Transwest's intranet site, and were to be used in conjunction with lending form checklists. Mr. Mikkelson also testified that the construction lending policies were to be enforced by Mr. Warren. Mr. Warren testified that it was probably his responsibility to enforce the lending policies. From this evidence, the jury could find that the relevant lending policies were enforced.

In sum, the Court finds that Transwest has provided a legally sufficient evidentiary basis such that a reasonable juror could find in its favor.  Therefore, the Court will deny CUMIS's Motion.

It is therefore

ORDERED that CUMIS's Federal Rule of Civil Procedure 50 Motion for Judgment as a Matter of Law is DENIED.

DATED   February 1, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge