IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRANSWEST CREDIT UNION,<br><br>    Plaintiff,<br><br><br><br><br><br>    vs.<br><br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING TRANSWEST'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR NEW TRIAL<br><br><br><br><br><br><br>Case No. 2:09-CV-297 TS |

This matter is before the Court on Plaintiff Transwest Credit Union's ("Transwest") Renewed Motion for Judgment as a Matter of Law and Motion for New Trial.[1]  Defendant CUMIS Insurance Society ("CUMIS") opposes Tanswest's Motion.  For the reasons discussed more fully below, the Court will deny Transwest's Motion.

---

[1]Docket No. 161.

I.  BACKGROUND

Transwest brought its original complaint against CUMIS in Utah state court on March 23, 2009.  CUMIS subsequently removed the case to this Court on April 6, 2009.  A five-day jury trial commenced in this matter on January 28, 2013.  During the course of trial, Transwest moved for judgment as a matter of law.  The Court denied Transwest's motion and submitted the matter to the jury.  On February 1, 2013, the jury unanimously found that CUMIS did not breach the terms of the Credit Union Bond it entered into with Transwest.[2]  The Clerk of Court entered judgment in favor of CUMIS on February 4, 2013.[3]

II.  DISCUSSION

A.    JUDGMENT AS A MATTER OF LAW

Transwest asserts that it should be granted judgment as a matter of law because CUMIS did not introduce specific evidence demonstrating how it was prejudiced by Transwest's late notice.  CUMIS contends that judgment as a matter of law is not appropriate because there was ample evidence from which the jury could conclude that CUMIS was prejudiced and, in any event, the jury had multiple bases to enter a verdict in favor of CUMIS.

 "A renewed motion for judgment as a matter of law must be granted if, viewing the evidence in the light most favorable to the nonmoving party, all the evidence and the inferences to be drawn from it are so clear that reasonable persons could not differ in their conclusions."[4]

---

[2]*See* Docket No. 153.

[3]*See* Docket No. 159.

[4]*Banki v. Provident Indem. Life Ins. Co*., 95 F. App'x 268, 271 (10th Cir. 2004) (unpublished) (internal quotation marks and citation omitted).

Transwest cites two Utah Supreme Court cases, *Busch Corp. v. State Farm Fire and Casualty Co.*[5] and *AOK Lands v. Shand*,[6] for the proposition that CUMIS was required to demonstrate prejudice by its own admissible evidence.  Transwest's reliance on *Busch* and *AOK Lands* is misplaced.

In the cases cited, the court relied on affidavits submitted by the defendants in concluding that the defendants had been prejudiced by late notice.  However, those cases came before the court on summary judgment.[7]  At the summary judgment stage, all reasonable inferences must be drawn in favor of the nonmoving party.[8]  It follows that, at summary judgment, prejudice will not be found without the introduction of affirmative evidence demonstrating prejudice.

In contrast, this matter was not resolved at summary judgment but was submitted to the jury.  As the Supreme Court has noted: "The very essence of [the jury's] function is to select from among conflicting inferences and conclusions that which it considers most reasonable."[9] "Jurors are supposed to reach their conclusions on the basis of common sense, common understanding and fair beliefs, grounded on evidence consisting of direct statements by witnesses

---

[5]743 P.2d 1217 (Utah 1987).

[6]860 P.2d 924 (Utah 1993).

[7]*See Busch*, 743 P.2d at 1220 ("[T]he district court appropriately granted defendants' motions for summary judgment" where plaintiffs chose not to file any affidavits to contradict or deny defendants' evidence of actual prejudice"); *AOK Lands*, 860 P.2d at 928 ("[T]rial court was correct in concluding that prejudice existed as a matter of law" where defendants filed an affidavit "outlining the prejudice suffered as a result of the approximately nine-year reporting delay").

[8]*See IHC Health Servs., Inc. v. D & K Mgmt., Inc.*, 196 P.3d 588, 595 (Utah 2008).

[9]*Tennant v. Peoria & P.U. Ry. Co.*, 321 U.S. 29, 35 (1944).

3

or proof of circumstances from which inferences can fairly be drawn."[10]  Thus, while affirmative evidence of prejudice is required at the summary judgment stage—where all reasonable inferences must be drawn in the non-movants favor—the same is not true at trial.  At trial the jury may consider all admissible evidence and draw any supportable inferences.

It is clear that late notice alone does not establish prejudice.[11]  Rather, as this Court held at trial, prejudice is the loss of a valuable right or benefit, and occurs when an insurer suffers a material change in its ability to investigate, settle, or defend the claims at issue.[12]  "The question of prejudice should be evaluated in light of the purposes of the notice requirements, namely to enable the insurer to investigate and take the necessary steps to protect its interests," including the loss of money or property value.[13]

With this standard in mind and, viewing the evidence in the light most favorable to CUMIS, all the evidence and the inferences to be drawn from it are not so clear that reasonable persons could not differ in their conclusions as to whether CUMIS suffered prejudice as result of Transwest's late notice.

As this Court noted previously, CUMIS elicited testimony from a prior financial officer of Transwest, Paul Metcalf, that Transwest became aware as early as spring 2006 that a number of the loans in their construction loan portfolio were for speculative home projects.  Mr. Metcalf

---

[10]*Schulz v. Pa. R.R. Co.*, 350 U.S. 523, 526 (1956).

[11]*See* Utah Code Ann. § 31A-21-312.

[12]*F.D.I.C. v. Oldenburg*, 34 F.3d 1529, 1547 (10th Cir. 1994).

[13]*Id.* (internal citation omitted).

visited various home sites and discovered that many of the homes were not on track to be completed in a timely fashion, that the homes were for sale, and that there was a concentration risk resulting from a number of the homes being built in the same geographic areas, at times in the same cul-de-sac.  Mr. Metcalf and the President of Transwest, Marc Mikkelson, also testified that around the same time, Transwest received a report from a state entity warning that a number of the construction loans on Transwest's books were for speculative home projects.  In addition, Mr. Mikkelson testified that he was told by the CEO of a separate credit union that it would not purchase a part of Transwest's loan portfolio because it contained speculative loans.  This evidence supports a finding that Transwest was aware of the facts giving rise to its claim nearly a year before Transwest filed its notice of loss.

CUMIS elicited testimony from both Mr. Mikkelson and Mr. Metcalf that up to ten to fifteen percent of Transwest's losses resulted from recovery errors committed by Transwest in recovering on the loans at issue.  CUMIS also elicited testimony from Mr. Mikkelson and Mr. Metcalf that nearly $2 million of Transwest's alleged loss is undocumented.  Bart Ferrin, an independent consultant hired by Transwest to review its loan files, testified that a large portion of the loss most likely resulted from the decline in real estate market values that occurred after the loans were issued.

These evidences, among others, could lead a reasonable juror to conclude that CUMIS lost a valuable right or benefit, namely, the ability to investigate and take the necessary steps to protect its interests, including the loss of money or property value.  For this reason, the Court will deny Transwest's Renewed Motion for Judgment as a Matter of Law.

5

B.      NEW TRIAL

Federal Rule of Civil Procedure 59 provides that "[t]he Court may, on motion, grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Transwest asserts that it is entitled to a new trial based on CUMIS's failure to demonstrate prejudice and because CUMIS was allowed to introduce evidence regarding the change in value of real property in Utah.

A motion for a new trial "may be granted if the district court concludes the 'claimed error substantially and adversely' affected the party's rights."[14]  "A new trial cannot be granted unless the error was prejudicial."[15]

For the same reasons provided in addressing Transwest's Renewed Motion for Judgment as a Matter of Law, the Court finds that Transwest's arguments on the issue of prejudice do not entitle it to a new trial.

The Court also finds that a new trial is not merited based on the admission of evidence of the decline in real estate values during the time period in question.  As the Court noted above, Transwest's own witness, Mr. Ferin, testified as to the losses that resulted from the decline in the real estate market.  Additionally, the Court instructed the jury that: "Because any loss under the Credit Union Bond must be determined from the time the funds were wrongfully distributed, the reduction in the value of the loans that resulted from the overall decline in the real estate market

---

[14]*Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1217 (10th Cir. 2008) (quoting *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1297 (10th Cir. 1998)).

[15]*Id.* (internal citations omitted).

is irrelevant to any calculation of the loss."[16]  The Court finds that any prejudice or confusion that may have arisen from the introduction of evidence regarding the decline in the real estate market was cured by this limiting instruction.

In sum, Transwest's rights were not substantially and adversely affected by either the admission of evidence regarding the change in value of real property in Utah or by CUMIS's failure to submit a witness on the issue of prejudice.  Therefore, the Court will deny Transwest's request for a new trial.

### III.  CONCLUSION

It is therefore

ORDERED that Transwest's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Docket No. 161) is DENIED.

DATED   April 30, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[16]Docket No. 158, at 26.